## Commonwealth v. Francis

*Kenneth A. Osokow, assistant district attorney,* for the Commonwealth.
*Peter T. Campana,* for defendants.

RAUP, *P.J.,* December 24, 1990—Before the court is defendants' motion for an order to allow inspection of evidence. Defendants were charged with rape, denied the offense and were convicted in

a jury verdict following a lengthy trial. Their direct appeals, which challenged inter alia the sufficiency of the evidence, have been denied. They have filed petitions for post-conviction relief. The motion for an order to allow inspection has been filed as part of that PCRA action.

Specifically, defendants seek an order that the Commonwealth be required to turn over to their counsel a pair of blue jeans worn by the victim at the time of the rape in order that a test known as a polymerase chain reaction DNA (PCR-DNA) amplification test might be performed.

The Commonwealth has objected on the basis that the PCR-DNA test is not generally accepted as an accurate scientific test within the scientific community and therefore the trial counsel could not have been ineffective in failing to have such a test performed and to present as evidence the results of such a test; since the test would not be admissible in court there can be no purpose in having the test performed. See *Commonwealth v. Topa,* 471 Pa. 223, 369 A.2d 1277 (1977), also *Commonwealth v. Nazarovitch,* 496 Pa. 97, 436 A.2d 170 (1981).

In an order of this court dated November 15, 1990 we provided defendants with additional time to make an offer of proof that the results of a favorable PCR-DNA test would meet the requisites for admission of scientific evidence in Pennsylvania.

In response to our order of November 15, 1990, defendants have filed a formal response in which they state in pertinent part:

"The defendants have been in contact with Dr. Edward T. Blake, a forensic serologist from California. Dr. Blake has advised that if the victim's blue jeans are turned over to the defense that he would be able to conduct a 'polymerase chain reaction' DNA amplification test. Dr. Blake described this proce-

dure when he testified for the Commonwealth of Virginia in the prosecution of a homicide case. The Supreme Court of Virginia has held that this procedure is scientifically reliable and has affirmed the trial court's ruling regarding the admissibility of the test in the case where Dr. Blake testified. See *Spencer v. Commonwealth*, 393 S.E.2d 609 (Va. 1990)."

The Supreme Court of Virginia in reviewing Dr. Blake's testimony specifically found that the testimony would not meet the *Frye* test (*Commonwealth v. Topa, supra* at 231, 369 A.2d at 1281; *Commonwealth v. Nazarovitch, supra* at 101, 436 A.2d at 172). The State of Virginia, however, does not follow the rigid *Frye* test for admissibility of expert testimony and therefore allowed the testimony to be presented. Since the defense has been unable to offer evidence that the PCR-DNA test would meet the *Frye* standard (i.e. that the evidence that the test is generally accepted as valid by those scientists active in the field to which the evidence belongs), there would be no purpose in the court compelling the Commonwealth to make available for inspection the jeans in order that the test can be performed.

Obviously, the Commonwealth has the discretion, if it chooses to exercise that discretion, to voluntarily make the jeans available to the defense in order that the testing could occur. However, the court can compel that disclosure only if the disclosure could lead to admissible evidence in the PCRA proceeding. Given the failure of the defendants to make the requisite offer of admissibility, the following order must be entered.

## ORDER

And now, December 24, 1990, for the reasons set forth in the foregoing discussion, the motion for order to allow inspection of evidence is denied.